Although Gibson's license from the State authorizes liquor sales 24 hours per day, 6 days per week, I can find nothing in the Alcoholic Beverage Licensing Code, §§ 28-3A-1 to -26, Ala. Code 1975, that confers upon a licensee the right to maintain *Page 1157 
operations 24 hours per day, 6 days per week. Section 11-45-1, Ala. Code 1975, authorizes municipal corporations to "adopt ordinances and resolutions not inconsistent with the laws of the state." Consequently, a municipal ordinance that requires closing on terms other than 24 hours per day, 6 days per week, does not offend § 11-45-1 because such an ordinance is not "inconsistent with the laws of the state." As for the requirement of the ordinance that operations cease at midnight on Saturday night, I note that the provisions of § 28-3A-25(a)(20) and (21) require only a closing by 2:00 a.m. on Sunday. I do not see in those sections any requirement that an establishment be allowed to remain open until 2:00 a.m.; hence, I conclude that the ordinance requiring an establishment to close at midnight on Saturday night is not inconsistent with § 28-3A-25(a)(20) and (21). Therefore, I conclude that the adoption of the ordinance at issue here was a proper exercise of the municipality's authority granted by §11-45-1, Ala. Code 1975. Because we hold that the ordinance is valid, Gibson's claims against the mayor and the council members, which are based on the allegation that they had adopted an invalid ordinance, necessarily fail as a matter of law.
See, J., concurs.